**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **SHUJA SIDDIQUI** | § | |
| | § | |
| **v.** | § | **NO. 4:26-CV-01481-SDJ-BD** |
| | § | |
| **SODEXO-HEALTHCARE** | § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Shuja Siddiqui filed a complaint against his former employer, Sodexo Healthcare, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and the Equal Pay Act of 1963, which amended the FLSA, *see* Pub. L. No. 88-38, June 10, 1963, 77 Stat. 56. Dkt. 1 at 3. The case will be transferred to the United States District Court for the Northern District of Georgia, Atlanta Division. *See Moseti v. Kay*, No. 4:25-CV-00026-ALM-BD, 2025 WL 1904136, at *1 (E.D. Tex. May 2, 2025) (explaining that, in this district, a magistrate judge may order a venue transfer).

## LAW

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court may transfer venue sua sponte, *Palmer v. Idalia Llorens Collection Agency, Inc.*, 434 F. Supp. 3d 462, 472 (E.D. Tex. 2020) (citing *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)), and has "broad discretion in deciding whether to order a transfer," *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (per curiam)).

Venue for claims brought under the FLSA, including the Equal Pay Act, is governed by the general venue statute, 28 U.S.C. § 1391. *Yurich v. Cash Reg. Servs., Inc.*, No. 4:25-CV-362-SDJ, 2026 WL 1960912, at *3 & n.1 (E.D. Tex. July 7, 2026); *Barr v. Lou*, No. 4:26-CV-00746-O-BP,

2026 WL 1967074, at *1 (N.D. Tex. June 18, 2026), *report and recommendation adopted*, 2026 WL 1964865 (N.D. Tex. July 7, 2026). That statute provides that

> a civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Title VII has its own venue provision, which "displaces the general venue provision set out in 28 U.S.C. § 1391." *Allen v. DHS*, 514 F. App'x 421, 422 (5th Cir. 2013) (per curiam). A suit for a violation of Title VII may be brought

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

## DISCUSSION

The complaint does not allege that Sodexo is located or resides within the Eastern District of Texas, that a substantial part of the events or omissions giving rise to Siddiqui's claims occurred here, or that Sodexo is subject to this court's personal jurisdiction. This court is therefore not a proper venue for Siddiqui's FLSA and Equal Pay Act claims. As for Siddiqui's Title VII claim, nothing in the complaint suggests that the alleged unlawful employment practices happened in Texas, that records relating to Siddiqui's employment are maintained in the Eastern District of Texas, that Siddiqui would have worked in this district but for the unlawful employment practice,

or that Sodexo has its principal office in this district. That means that Siddiqui's Title VII claim does not belong here, either. Because venue is not proper in this district, the court may either dismiss or transfer the case. 28 U.S.C. § 1406(a); *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989).

The complaint alleges that Siddiqui worked for Sodexo in Atlanta, Georgia. Dkt. 1 at 3. It alleges that he was paid less than another employee in a similar role and that he was subjected to derogatory comments about his race and national origin while at work. *Id.* at 5. The complaint also describes Siddiqui's relocation to Atlanta, *id.* at 6, foreclosing the possibility that Siddiqui experienced the alleged conduct while working remotely for Sodexo from some other location. The allegations in the complaint demonstrate that both "a substantial part of the events or omissions giving rise to the claim[s] occurred," 28 U.S.C. § 1391(b)(2), and that "the unlawful employment practice is alleged to have been committed," 42 U.S.C. § 2000e-5(f)(3), in Atlanta, Georgia, which is located in the Northern District of Georgia, 28 U.S.C. § 90(a)(2). Siddiqui's case could have been brought in that district, and the interests of justice will be served by transferring, rather than dismissing, the case. *See Wireless Protocol Innovations, Inc. v. TCT Mobile (US) Inc.*, No. 6:15-CV-00918-KNM, 2023 WL 4626659, at *12 (E.D. Tex. July 19, 2023) (noting that "transfer is usually preferred over dismissal").

## CONCLUSION

It is **ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Northern District of Georgia, Atlanta Division. The clerk of court is directed to transfer the electronic case file to the transferee court and close this case without delay.

So **ORDERED** and **SIGNED** this 15th day of October, 2026.

Bill Davis
United States Magistrate Judge